UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| STERLING BLADE (#405748), Plaintiff | CIVIL ACTION NO. 1:17-CV-648-P |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| WARDEN DEVILLE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Sterling Blade ("Blade") (#405748). Blade has been granted leave to proceed *in forma pauperis*. (Doc. 4). Blade is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at Winn Correctional Center in Winnfield, Louisiana ("WCC"). Blade names as defendants Warden Keith Deville, Nurse Practitioner Kathy Richardson, Major Joe Chapman, and Nurses Duncan, Dourma, and Price. Blade alleges a deprivation of adequate medical care in violation of his constitutional rights.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Blade alleges he suffered an injury in April, 2015, while lifting weights in the recreation yard. Over the next eight months, the pain escalated in his back, stomach,

and testicles. (Doc. 1, p. 5). Blade alleges he began to seek medical treatment in December, 2015, but was denied adequate medical treatment. (Doc. 1, p. 5).

According to the Unit Head's response to Blade's grievance, Blade first requested medical treatment for a pulled muscle on December 1, 2015. (Doc. 1-2, p. 3). Blade was seen by the medical department and "given treatment appropriate to [Blade's] complaint." (Doc. 1-2, p. 3). Blade made a follow-up sick call on January 4, 2016, but refused to be seen that day. (Doc. 1-2, p. 3). Blade was examined by a nurse on January 6, 2016, and a lumbar x-ray was ordered. (Doc. 1-2, p. 3). On January 30, 2016, Blade made a written request for his x-ray results. Blade was advised the x-ray findings were normal. (Doc. 1-2, p. 3).

On March 15, 2016, Blade made a sick call complaining for the first time about prostate/urinary problems. (Doc 1-2, p. 3). Lab results were ordered, but showed no indications of prostate issues. (Doc. 1-2, p. 3).

Blade alleges he requested medical care on December 16, 2016, and March 6, 2017, but his requests were denied. (Doc. 7, p. 3).

Blade was examined by Nurse Kathy Richardson on March 10, 2017, and an ultrasound was ordered. (Doc. 7, pp. 3-4). The ultrasound was performed on March 22, 2017, and showed two small cysts on each testicle. (Doc. 7, p. 4).

II. <u>Law and Analysis</u>

    A.    <u>Blade's complaint is subject to screening under §§ 1915(e)(2) and 1915A.</u>

Blade is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Blade's

complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Blade's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. Blade cannot show deliberate indifference to serious medical needs.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical

needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Blade has not presented factual allegations indicating that his testicular cysts constitute a serious medical need. Regardless, Blade has not alleged Defendants acted with deliberate indifference. Blade first complained of a pulled muscle, and was treated accordingly. (Doc. 1-2, p. 3). Blade later received a lumbar x-ray, which had normal findings. (Doc. 1-2, p. 3).

When Blade complained of prostate/urinary problems, lab tests were ordered, with normal findings. (Doc. 1-2, p. 3). After Blade's complaints continued, an ultrasound was ordered. (Doc. 7, pp. 3-4). The ultrasound was performed on March 22, 2017, and showed two small cysts on each testicle. (Doc. 7, p. 4). The facts alleged do not indicate that Defendants ignored Blade's complaints or intentionally treated him incorrectly.

Blade disagrees with the treatment he received. However, a disagreement with the course of treatment does not state a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

To the extent Blade complains the nurses failed to properly diagnose him initially, or that his treatment was otherwise inadequate, his claim fails. Even unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference. See Gobert, 463 F.3d at 346.

Any claim Blade is attempting to raise regarding a delay in medical care is without merit. A delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm. See Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Blade does not allege that he suffered any lasting complications or substantial harm resulting from any alleged delays in receiving his diagnosis or medical treatment.

III. Conclusion

The Court is convinced that Blade has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Blade's allegations as true, **IT IS RECOMMENDED** that the § 1983 complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

**THUS DONE AND SIGNED** in chambers in Alexandria, Louisiana, this __28th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge